IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LESLIE RENEE CHILDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:14cv1000-WKW |
| | ) | (WO) |
| TITLE MAX OF CLANTON #1 and | ) | |
| WILLIAM RANDELL ROEBUCK, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE and ORDER**

On September 29, 2014, *pro se* plaintiff Leslie Renee Childers ("Childers") filed this action against defendants Title Max of Clanton # 1 and William Randell Roebuck. According to Childers, while repossessing her vehicle for defendant Title Max of Clanton, defendant Roebuck hit her with the vehicle. Childers seeks damages in the amount of $30,000.00.[1]

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United

---

[1] Also pending before the court is the plaintiff's motion to proceed *in forma pauperis* (doc. # 2). The court set a hearing on October 16, 2014, on the plaintiff's motion to proceed *in forma pauperis*. She did not appear. Because the court concludes that it does not have jurisdiction over this matter, the motion to proceed *in forma pauperis* (doc. # 2) is due to be denied as moot.

States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "It is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *See* 13 Charles Alan Wright, Arthur R. Miller, *Federal Practice & Procedure* § 3522 (3d ed. 1975).

This court operates under an independent obligation to examine its own jurisdiction at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990); *see* 13 Charles Alan Wright, Arthur R. Miller, *Federal Practice & Procedure* § 3522 (3d ed. 1975) ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction."). Further, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action."

It is clear from reviewing the complaint that the plaintiff does not present a federal question to invoke this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. Even if the court liberally construes Childers' complaint as an attempt to assert a claim under 42 U.S.C. § 1983, no substantive rights are created by Section 1983. It merely provides a remedy for deprivations of federal rights created elsewhere. *Wideman v. Shallowford Community Hospital, Inc.*, 826 F.2d 1030 (11th Cir. 1987). To be successful on § 1983 claim, a plaintiff must establish that she suffered a deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States *and* that the act or

omission causing the deprivation was committed by a person acting under color of state law. *Id.* It is clear from the complaint that the defendants are not persons "acting under color of state law."

It is also clear that there is no diversity jurisdiction because the amount in controversy does not exceed $75,000.00 and all the parties are from Alabama. *See* 28 U.S.C. § 1332. Consequently, on the face of the complaint, this court does not have jurisdiction over this matter.

The court has considered whether to give Childers the opportunity to amend her complaint before dismissal but concludes that any amendment to the complaint would be futile. While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996). Under the facts alleged in this case, the court lacks subject matter jurisdiction over this matter.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED for lack of subject matter jurisdiction. It is further

ORDERED that the motion to proceed *in forma pauperis* (doc. # 2) be and is hereby DENIED. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **October 30, 2014.** Any objections filed must specifically identify the findings in

the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of October, 2014.

      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE